1
2
3
4
5
6
7
8
9          IN THE UNITED STATES DISTRICT COURT
10          FOR THE NORTHERN DISTRICT OF CALIFORNIA
11
12   CHRISTOPHER J. CUNNINGHAM,        )     No. C 10-5371 LHK (PR)
                                       )
13                 Petitioner,         )     ORDER GRANTING
                                       )     PETITIONER'S REQUEST TO
14        v.                           )     DISMISS UNEXHAUSTED
                                       )     CLAIMS; ORDER TO SHOW
15   DOMINGO URIBE, JR., Warden,       )     CAUSE
                                       )
16                 Respondent.         )
     _____)

17        Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254.  On October 11, 2011, the Court granted Respondent's

19   motion to dismiss for failure to exhaust state remedies, and required Petitioner to elect how he

20   wanted to resolve the issue of his unexhausted claims in this Court by: (1) dismissing the

21   unexhausted claims (Claims 5-7), and going forward with only the remaining exhausted claims

22   (Claims 1-4); (2) terminating this habeas action and then completing the exhaustion of his

23   unexhausted claims before filing a new federal petition presenting all of his claims; or (3)

24   requesting a stay of the instant habeas proceedings while he exhausted his unexhausted claims in

25   the California Supreme Court, and then filing a response with this Court within thirty days.

26        On October 17, 2011, Petitioner filed a notice, electing to proceed with only the

27   exhausted claims, Claims 1-4, and dismissing the unexhausted claims, Claims 5-7, in the instant

28   petition.

Accordingly, Petitioner's request to continue with only the exhausted claims and dismiss Claims 5-7 is GRANTED.  The Court will renew its order to show cause to Respondent as to why the petition should not be granted as to the remaining four claims:  (1) the trial court violated his right to confront and cross-examine the victim; (2) there was insufficient evidence of identity to convict him; (3) the trial court improperly admitted the victim's prior statements on identity; and (4) the trial court improperly instructed the jury on how much weight to give identification evidence.

**CONCLUSION**

1.      Petitioner's request to continue to proceed with only the exhausted claims and dismiss Claims 5-7 is GRANTED.

2.      Respondent shall file with the Court and serve on Petitioner, within **sixty days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously, and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on Respondent within **thirty days** of his receipt of the answer.

3.      It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated:  10/27/11

_____
LUCY H. KOH
United States District Judge